# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BRAVO, CDCR #V-21456,<br><br>             Plaintiff,<br><br>   vs.<br><br>R. BENITEZ, Judge;<br>J. BROWN, Governor;<br>M. CATES, CDCR Director;<br>D. PARAMO, Warden;<br>LIGNELL, Correctional Counselor I;<br>G. TERRELL, Correctional Officer; UNNAMED CDCR EMPLOYEES,<br><br>             Defendants. | Civil No.   12cv0078 JLS (NLS)<br><br>**ORDER DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

   On January 10, 2012, while he was incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California, Victor J. Bravo ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983.[1]

   Plaintiff prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; thus, while he is proceeding *in pro se*, he is not proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).[2]  He has not, as of yet, effected service upon any party.  *See*

---

[1]  Subsequent to filing, on January 23, 2012, Plaintiff filed a Notice of Change of Address which indicates he has since been released from state custody and is currently living in San Francisco  (ECF No. 2).

[2]  In fact, Plaintiff is no longer entitled to proceed IFP while incarcerated due to his frivolous litigation history. *See, e.g., Bravo v. Schwarzenegger, et al.,* S.D. Cal. Civil Case No. 11cv0043 LAB (BLM) (Jan. 14, 2011 Order denying IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Civil Action) (ECF No. 3 at 4 (listing Plaintiff's various "strikes" under 28 U.S.C. § 1915(g)).  Section 1915(g) of

1   *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order
2   that the U.S. Marshal effect service on their behalf pursuant to Fed.R.Civ.P. 4(c)(3), persons who
3   prepay civil filing fees "remain[] responsible for timely service."); *Omni Capital Int'l, Ltd. v.*
4   *Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction
5   over a defendant, the procedural requirement of service of summons must be satisfied.")

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

7   Pursuant to the Prison Litigation Reform Act (PLRA) and 28 U.S.C. § 1915A, however, the
8   Court is obligated to review civil actions filed by anyone "incarcerated or detained in any facility
9   who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the
10  terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as
11  practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to
12  proceed IFP.  *See* 28 U.S.C. § 1915A(a), (c).  Because Plaintiff was a "prisoner" as defined by 28
13  U.S.C. § 1915A(c) at the time he filed this action, the Court must sua sponte dismiss his complaint,
14  or any portion thereof, which "seeks redress from a governmental entity or officer or employee of a
15  governmental entity," if it is frivolous, malicious, or fails to state a claim upon which relief may be
16  granted.  28 U.S.C. § 1915A(a), (b); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

17  "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements:  (1) that a
18  right secured by the Constitution or laws of the United States was violated; and (2) that the alleged
19  violation was committed by a person acting under color of state law."  *Campbell v. Washington*
20  *Dep't of Soc. Servs.*, __ F.3d __ , 2011 WL 5304109 at *4 n.5 (9th Cir. Nov. 7, 2011) (citing
21  *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

22  Plaintiff's Complaint is far from coherent but he appears to allege that Judge Benitez,
23  Governor Brown, and a host of California Department of Corrections and Rehabilitation officials,
24  have entered into a vast "civil/criminal conspiracy to obstruct justice" and violate his civil rights by
25  "falsely" imprisoning him and "classifying [him] as a severely, violently, mentally ill convict"
26  "without a court of law trial." (Compl. at 1, 3, 6.)  Plaintiff claims that the "Court's Order for [his]

---

28  Title 28 of the U.S. Code, commonly known as the PLRA's "three-strikes" provision, provides that "[p]risoners who have repeatedly brought unsuccessful suits may be entirely barred from IFP status." *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

imprisonment expired in February 2009," but the "State of California is attempting to cause [his] death so as to prevent [him] from (further) exposing" the conspiracy. Plaintiff cautions that already mailed his complaint to the Law Offices which "represent Rolling Stone Magazine." (*Id.* at 4-6.)

An action is frivolous under 28 U.S.C. § 1915A(b)(1) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lopez v. Dept. of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). Here, the Court finds that Plaintiff's suit lacks any arguable basis in law, and is obviously frivolous under § 1915A(b)(1). Moreover, to the extent Plaintiff alleges any facts at all, they appear "fanciful," "fantastic," and "delusional" and are "clearly baseless." *Id.* at 325, 328.

Moreover, because the Court finds amendment futile, leave to amend is denied. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim or complaint is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The Court further **CERTIFIES** that no IFP appeal from this Order could be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(3)     The Clerk of Court shall close the file.

DATED: March 13, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge